**THE AGUILERA LAW GROUP, APLC**
A. Eric Aguilera, Esq. (SBN 192390)
Kimberly R. Arnal, Esq. (SBN 200448)
650 Town Center Drive, Suite 100
Costa Mesa, CA 92626
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
karnal@aguileragroup.com

Attorneys for Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GREG OPINSKI CONSTRUCTION, INC., a California Corporation, BAMBACIGNO STEEL COMPANY, a California Corporation and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.:<br><br>**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S COMPLAINT FOR:**<br><br>**1) DECLARATORY RELIEF RE DUTY TO DEFEND;**<br><br>**2) DECLARATORY RELIEF RE DUTY TO INDEMNIFY; AND**<br><br>**3) EQUITABLE REIMBURSEMENT** |

Comes now Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and pleads the following allegations on information and belief in support of its complaint herein:

### JURISDICTION

1. Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("TRAVELERS") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Connecticut. TRAVELERS is, and at all relevant times was, an insurance carrier eligible to

do business as an insurer in the State of California.

2. Plaintiff is informed and believes and thereon alleges that Defendant BAMBACIGNO STEEL COMPANY ("BAMBACIGNO") is a corporation organized and existing under the laws of the State of California, with its principal place of business in Modesto, California. Plaintiff is further informed and believes and thereon alleges that BAMBACIGNO is a structural steel contractor licensed to work in California.

3. Plaintiff is informed and believes and thereon alleges that Defendant GREG OPINSKI CONSTRUCTION, INC. ("OPINSKI") is a corporation organized and existing under the laws of the State of California, with its principal place of business in Merced, California. Plaintiff is further informed and believes and thereon alleges that OPINSKI is a general contractor and general engineering contractor licensed to work in California.

4. Defendants sued herein as DOES 1 through 10, inclusive, are sued herein by such fictitious names because Plaintiff is unaware of the true names and capacities of said DOE defendants. Plaintiff will amend this Complaint to reflect the true names when the same are ascertained. Plaintiff is informed and believes and thereon alleges that said DOE Defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action. All Defendants, including DOES 1 through 10 are hereinafter referred to as Defendants.

5. This Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars. The amount in controversy exceeds $75,000, and represents attorneys fees, costs and indemnity sought by Defendants in connection with its defense and/or indemnification in the action currently pending in Stanislaus County Superior Court, Case No. 9000481, entitled *Greg Opinski Construction, Inc. v. Bambacigno Steel Co., Inc.* (the "Underlying Action") as well as additional sums sought by Plaintiff TRAVELERS as reimbursement of all monies paid to date on behalf of BAMBACIGNO in the Underlying Action.

///

# VENUE

6. Plaintiff TRAVELERS is informed and believes and thereon alleges that the acts and/or omissions at issue in this litigation took place in this judicial district within the State of California. The Underlying Action is pending in this judicial district. Venue, therefore, lies with this Court, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

# GENERAL ALLEGATIONS

### A. The Relevant Insurance Policies

7. TRAVELERS issued the following primary commercial general liability policies to BAMBACIGNO (hereinafter collectively, the "Bambacigno Primary Policies"):

| **Insurer** | **Policy No.** | Policy Period |
|---|---|---|
| Travelers Property Casualty Company of America | Y-630-642X1512-TIL-10 | 6/19/10 – 6/19/11 |
| Travelers Property Casualty Company of America | Y-630-0C189362-TIL-12 | 6/19/12 – 4/10/13 |
| Travelers Property Casualty Company of America | Y-630-0C189362-TIL-13 | 4/10/13 – 4/10/14 |
| Travelers Property Casualty Company of America | Y-630-4E156663-TIL-14 | 4/10/14 – 4/10/15 |
| Travelers Property Casualty Company of America | Y-630-4E156663-TIL-15 | 4/10/15 – 4/10/16 |
| Travelers Property Casualty Company of America | Y-630-4E156663-TIL-16 | 4/10/16 – 4/10/17 |
| Travelers Property Casualty Company of America | Y-630-4E156663-TIL-17 | 4/10/17 – 4/10/18 |

8. Under the Bambacigno Primary Policies, Plaintiff has an obligation to pay those sums that the insured becomes legally obligated to pay as damages because of "property damage" that takes place during the policy period caused by an "occurrence" (subject to various limitations and exclusions in the policies) which was not prior to the policy period know to have occurred by any insured. In other words, the Bambacigno Primary Policies provide coverage for certain "property damage" resulting from BAMBACIGNO'S work or product. However, the Bambacigno Primary Policies do not

provide coverage for damage to BAMBACIGNO'S product or the completed work itself, or property damage known to BAMBACIGNO or its employees prior to the policy period.

9. TRAVELERS issued the following commercial excess liability policies under which BAMBACIGNO was named an insured (hereinafter collectively referred to as "Bambacigno Excess Policies"):

| Insurer | Policy No. | Policy Period |
|---|---|---|
| Travelers Property Casualty Company of America | YFS-EX-642X1512-TIL-10 | 6/19/10 – 6/19/11 |
| Travelers Property Casualty Company of America | YSF-EX-0C189362-TIL-12 | 6/19/12 – 4/10/13 |
| Travelers Property Casualty Company of America | YFS-EX0C189362-TIL-13 | 4/10/13 – 4/10/14 |
| Travelers Property Casualty Company of America | YFS-EX-4E156663-TIL-14 | 4/10/14 – 4/10/15 |
| Travelers Property Casualty Company of America | YFS-EX-4E156663-TIL-15 | 4/10/15 – 4/10/16 |
| Travelers Property Casualty Company of America | YFS-EX-4E156663-TIL-16 | 4/10/16 – 4/10/17 |

10. Under the terms of the Bambacigno Excess Policies, Plaintiff has an obligation to pay those sums that the insured becomes legally obligated to pay as damages in excess of the respective underlying insurance, including the Travelers Primary Policies, provided that the controlling underlying insurance would apply but for the exhaustion of its applicable limits.  The Bambacigno Excess Policies are generally subject to the same terms, conditions, agreements, exclusions and definitions as the controlling underlying insurance.  Like the Bambacigno Primary Policies, the Bambacigno Excess Policies do not provide coverage for damage to BAMBACIGNO'S product or the completed work itself, or property damage known to BAMBACIGNO or its employees prior to the policy period.  The Bambacigno Primary Policies and the Bambacigno Excess Policies are collectively referred to as the "Bambacigno Policies".

///

### B. The Construction Project

11. The Underlying Action involves construction of the Livingston High School Project, Phase I, located in Livingston, California (the "Project").

12. TRAVELERS is informed and believes and thereon alleges that on or about November 10, 2009, OPINSKI entered into a contract with the Merced Union High School District (the "District") to construct the Project. The District was the owner of the Project and OPINSKI was the general contractor on the Project.

13. TRAVELERS is informed and believes and thereon alleges that the contract between the District and OPINSKI called for the Project to be completed within a set time and imposed liquidated damages for each calendar day of delay.

14. TRAVELERS is informed and believes and thereon alleges that on November 17, 2009, a Notice to Proceed was issued for work to commence on the Project.

15. TRAVELERS is informed and believes and thereon alleges that on December 1, 2009, OPINSKI entered into a written subcontract with BAMBACIGNO for BAMBACIGNO to perform structural steel work on the Project that included the manufacture and erection of structural steel framing and several steel stair cases.

16. TRAVELERS is informed and believes and thereon alleges that on February 9, 2011, BAMBACIGNO requested that OPINSKI pay it an additional $93,688 for additional work performed on the Project.

17. TRAVELERS is informed and believes and thereon alleges that the Project was substantially completed on March 7, 2011; 45-days after the contract completion date, including two extensions to the date.

18. TRAVELERS is informed and believes and thereon alleges that a dispute arose between the District and OPINSKI regarding amounts owed to OPINSKI and liquidated damages claimed by the District.

19. TRAVELERS is informed and believes and thereon alleges that on April 25, 2012, OPINSKI made a demand for arbitration against the District for delays, disruption

and damages on the Project, including issues OPINSKI claims are related to the work of BAMBACIGNO.

20. TRAVELERS is informed and believes and thereon alleges that on July 3, 2102, the District submitted a counterclaim against OPINSKI for breach of contract, claiming that OPINSKI breached the contract by failing to timely and properly perform work on the Project, including work performed by BAMBACIGNO.

21. TRAVELERS is informed and believes and thereon alleges that the District and OPINSKI arbitrated their claims and a final award was made on or about April 22, 2017, and that OPINSKI contends that the arbitration award failed to award OPINSKI the vast majority of its attorney fees it was seeking in connection with the arbitration of various claims, including claims related to BAMBACIGNO'S work.

**The Underlying Litigation**

22. TRAVELERS is informed and believes and thereon alleges that July 6, 2017, OPINSKI filed the Underlying Action against BAMBACIGNO for breach of contract, express indemnity, implied indemnity and equitable indemnity claiming that the Project suffered from significant difficulties due to poor plans and specifications provided by the District, as well as negligence, errors and omissions by BAMBACIGNO causing delays, disruptions and damages to OPINSKI in connection with the Project.

23. Plaintiff is informed and believes and based thereon alleges that in the Underlying Action, OPINSKI claims that BAMBACIGNO is responsible for various errors, omissions, defective and delayed work at the Project, and that as a result, the Final Arbitration Award failed to award OPINSKI for the vast majority of the attorney's fees it was seeking in connection with the arbitration of various claims.

24. At this time, Defendant BAMBACIGNO is seeking coverage from TRAVELERS for the respective claims being alleged against it in the Underlying Action.

25. On or about December 15, 2017, TRAVELERS agreed to participate in the defense of BAMBACIGNO with regard to the Underlying Action subject to a full reservation of rights. TRAVELERS specifically reserved the right to issue a partial or

1  complete declination of coverage and withdraw from its participation in the defense should
2  it be determined that coverage does not apply to some or all of the asserted claims.
3  TRAVELERS further reserved the right to seek reimbursement of any defense related
4  payments with respect to claims not potentially covered by the policy.

5    26.    Pursuant to the reservation of rights TRAVELERS is currently defending
6  BAMBACIGNO and paying for the services of attorneys, consultants and other litigation-
7  related costs and expenses on behalf of BAMBACIGNO.

## **FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF- DUTY TO DEFEND**
### **By Plaintiff Travelers Against Defendants**

  27.    Plaintiff incorporates by reference all allegations of the foregoing paragraphs as if set forth in full.

  28.    An actual, present and justiciable controversy has arisen and now exists between TRAVELERS on the one hand and BAMBACIGNO on the other, concerning the respective rights, duties and obligations of TRAVELERS, if any to pay for the defense of BAMBACIGNO against the allegations made in the Underlying Action under the Bambacigno Policies.

  29    In particular, TRAVELERS contends and BAMBACIGNO denies the following:

  a.  TRAVELERS has no obligation to defend BAMBACIGNO in the Underlying Action with regard to alleged damages other than covered "property damage".

  b.  TRAVELERS has no obligation to defend BAMBACIGNO in the Underlying Action with regard to alleged damages to that particular part of real property on which BAMBACIGNO or its subcontractors are working or that must be restored, repaired or replaced because BAMBACIGNO's work was incorrectly performed on it.

  c. TRAVELERS has no obligation to defend BAMBACIGNO in the Underlying Action with regard to alleged damages to the work and/or product of BAMBACIGNO.

  d. TRAVELERS has no obligation to defend BAMBACIGNO in the Underlying Action with regard to alleged property damage known to have occurred by BAMBACIGNO and/or its employees prior to the policy period.

  e. There is no coverage available to BAMBACIGNO for this claim, and TRAVELERS is under no duty to defend BAMBACIGNO with regard to the Underlying Action.

30. TRAVELERS is informed and believes that BAMBACIGNO disputes these contentions and contends that the Bambacigno Policies requires Plaintiff to provide a defense to BAMBACIGNO in the Underlying Action.

31. By reason of the foregoing, a declaratory judgment is both proper and necessary, so that the respective rights, duties, and obligations as between TRAVELERS and BAMBACIGNO may be determined under the provisions of the applicable Bambacigno Policies.

## **SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF- DUTY TO INDEMNIFY**
### **By Plaintiff Travelers Against Defendants**

32. Plaintiff incorporates by reference all allegations of the foregoing paragraphs as if set forth in full.

33. An actual, present and justiciable controversy has arisen and now exists between TRAVELERS on the one hand and Defendants on the other, concerning the respective rights, duties and obligations of TRAVELERS, if any to pay for indemnity of BAMBACIGNO against the damages sought in the Underlying Action under the Bambacigno Policies.

34. In particular, TRAVELERS contends and Defendants deny the following:

     a.    TRAVELERS has no obligation to indemnify BAMBACIGNO in the Underlying Action with regard to alleged damages other than covered "property damage".

     b.    TRAVELERS has no obligation to indemnify BAMBACIGNO in the Underlying Action with regard to damages to that particular part of real property on which BAMBACIGNO or its subcontractors are working or that must be restored, repaired or replaced because BAMBACIGNO's work was incorrectly performed on it.

     c.    TRAVELERS has no obligation to indemnify BAMBACIGNO in the Underlying Action with regard to damage to the work and/or product of BAMBACIGNO.

     d.    TRAVELERS has no obligation to indemnify BAMBACIGNO in the Underlying Action with regard to property damage known to have occurred by BAMBACIGNO and/or its employees prior to the policy period.

     e.    There is no coverage available to BAMBACIGNO for this claim, and TRAVELERS is under no duty to indemnify BAMBACIGNO or pay any judgment with regard to the Underlying Action.

35. TRAVELERS is informed and believes that Defendants dispute these contentions and contends that the Bambacigno Policies requires Plaintiff to indemnity to BAMBACIGNO in the Underlying Action.

36. By reason of the foregoing, a declaratory judgment is both proper and necessary, so that the respective rights, duties, and obligations as between TRAVELERS and BAMBACIGNO may be determined under the provisions of the applicable Bambacigno Policies.

## THIRD CAUSE OF ACTION FOR REIMBURSEMENT

### (By TRAVELERS Against BAMBACIGNO)

37. TRAVELERS hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

38. TRAVELERS has paid certain defense fees and defense costs incurred by BAMBACIGNO in connection with the defense of BAMBACIGNO in the Underlying Action. TRAVELERS did not pay these sums as a volunteer. When TRAVELERS agreed to participate in the defense of BAMBACIGNO, it specifically reserved its rights to seek reimbursement from BAMBACIGNO of any defense related payments that TRAVELERS may make that are not potentially covered under the applicable policies.

39. The Bambacigno Policies requires that TRAVELERS defend only those claims that are potentially covered under its policy. To the extent that TRAVELERS pays fees, or costs incurred by or on behalf of BAMBACIGNO in connection with the Underlying Action, which fees or costs are not potentially covered under the Bambacigno Policies, BAMBACIGNO will have been unjustly enriched by such payments.

40. As a result of BAMBACIGNO's unjust enrichment, a quasi-contractual right of reimbursement has arisen in favor of TRAVELERS in the amount paid for the defense of claims not potentially covered under the Bambacigno Policies, plus interest. The precise amount of reimbursement that is appropriate will be subject to proof at trial.

///

## PRAYER FOR RELIEF

TRAVELERS respectfully prays for judgment, as follows:

1. Under the First Cause of Action, a judicial declaration that:

   a. TRAVELERS is not responsible for the defense of Defendant BAMBACIGNO in the Underlying Action.

   b. TRAVELERS's coverage obligation to Defendant BAMBACIGNO is limited to paying those sums that the insured becomes legally obligated to pay as damages because of covered "property damage" caused by an "occurrence"

during the policy period.

      2.      Under the Second Cause of Action, a judicial declaration that:

      a.      TRAVELERS is not obligated to indemnify Defendant BAMBACIGNO as against damages sought or awarded in the Underlying Action.

      b.      TRAVELERS's coverage obligation to Defendant BAMBACIGNO is limited to paying those sums that the insured becomes legally obligated to pay as damages because of covered "property damage" caused by an "occurrence" during the policy period.

      3.      Under the Third Cause of Action, that Defendant BAMBACIGNO be ordered to reimburse TRAVELERS for all amounts TRAVELERS has paid for the defense of BAMBACIGNO in the Underlying Action.

      4.      For prejudgment interest;

      5.      For costs of suit herein;

      6.      For such other and further relief as this Court deems just and proper.

Dated: September 18, 2019      **THE AGUILERA LAW GROUP, APLC**

_____
A. Eric Aguilera, Esq.
Kimberly R. Arnal, Esq.
Attorneys for Plaintiff